**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
Elizabeth A. Wagner, Esq. (317098)
elizabeth@kazlg.com
1303 East Grand Avenue, Suite 101
Arroyo Grande, CA 93420
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Rose Clark

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSE CLARK, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>TIDEWATER FINANCE COMPANY; AND, PRENOVOST, NORMANDIN, BERGH & DAWE, A PROFESSIONAL CORPORATION,<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>I.  **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.; AND,**<br><br>II. **THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

| Case No.: | *Clark, et al. v. Tidewater Finance Company, et al.* |
|---|---|
| **CLASS ACTION COMPLAINT FOR DAMAGES** ||

# INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. ROSE CLARK ("Plaintiff") bring this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of TIDEWATER FINANCIAL COMPANY ("Tidewater"); and, PRENOVOST, NORMANDIN, BERGH & DAWE, A PROFESSIONAL CORPORATION ("PNB&D") with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, in violation of Federal and State debt collection laws.

*KAZEROUNI LAW GROUP, APC*
*1303 EAST GRAND AVENUE, SUITE 101*
*ARROYO GRANDE, CA 93420*

4. Plaintiff alleges as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff allege on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

7. Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of any Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendants named.

## JURISDICTION AND VENUE

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1692; and, 28 U.S.C. § 1367 for supplemental state claims.

10. This action arises out of Defendants' violations of (i) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"); and, (ii) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.17 ("RFDCPA").

11. Because Defendants conduct business within the State of California, personal jurisdiction is established.

12. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Riverside, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

## PARTIES

13. Plaintiff is a natural person who resides in the City of Menifee, County of Riverside, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3); and, a "debtor" as that term is defined by Cal. Civ. Code § 1788.2(h).

14. Plaintiff is informed and believes, and thereon alleges, that Tidewater is a corporation headquartered in the State of Virginia.

15. Plaintiff is informed and believes, and thereon alleges, that PNB&D is a law firm headquartered in the County of Orange, State of California.

16. Plaintiff is informed and believes, and thereon alleges, that Defendants, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and are therefore each a "debt collector" as that term is defined by California Civil Code § 1788.2(c); and, 15 U.S.C. § 1692a(6).

17. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by 15 U.S.C. § 1692a(5); and Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

18. At all times relevant, Plaintiff is individuals residing within the State of California and within this judicial district.

19. At all times relevant, Defendants conducted business in the State of California.

20. Sometime prior to April 9, 2018, Plaintiff allegedly incurred financial obligations to Tidewater.

21. These alleged finance obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt[s]" as that term is defined by 15 U.S.C. § 1692a(5) and California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

22. Sometime thereafter, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently take no position as to the validity of the alleged debt.

23. As such, Tidewater retained PNB&D to collect Plaintiff's debt on behalf of Tidewater.

24. On or about April 9, 2018, Defendants sent or caused to be sent a dunning letter to Plaintiff.

25. This letter constitutes "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b).

26. Defendants' letter dated April 9, 2018, contained numerous false, deceptive and/or misleading statements in violation of the FDCPA and the RFDCPA.

27. Defendants' April 9, 2018 written communication contained the following subject line:

> Re: Tidewater Finance Company dba Tidewater Motor Credit vs. Rose S. Clark
> Account No. ███████9358    Due Date: April 14, 2017

28. By using "vs.", Defendants' collection letter implied that a collection lawsuit had been initiated by Tidewater against Plaintiff.

29. However, as of the date of this filing, no such collection had been filed against Plaintiff.

30. This misrepresentation was intended to intimidate Plaintiff and to unfairly effect collection of Plaintiff's debt.

31. Through this conduct, Defendants created a false sense of urgency by misrepresenting that a collection lawsuit had been filed against Plaintiff in violation of 15 U.S.C. § 1692d which prohibited Defendants from engaging in any conduct the natural consequence of which is to harass, oppress, and abuse Plaintiff. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17.  Thus, Defendants have also violated Cal. Civ. Code § 1788.17.

32. Through this conduct, Defendants violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations by creating a false sense of urgency with which Plaintiff were required to act. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17.  Thus, Defendants have also violated Cal. Civ. Code § 1788.17.

33. Through this conduct, Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing the legal status of Plaintiff' alleged debt as one that was the subject of Defendants' lawsuit. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17.  Thus, Defendants have also violated Cal. Civ. Code § 1788.17.

34. Through this conduct, Defendants violated 15 U.S.C. § 1692e(5) by threatening to take action that Defendants did not intend to take against Plaintiff. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17. Thus, Defendants have also violated Cal. Civ. Code § 1788.17.

35. Through this conduct, Defendants violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means in attempting to collect the alleged debt from Plaintiff. This section is incorporated into the Rosenthal Act through Cal. Civ. Code § 1788.17.  Thus, Defendants have also violated Cal. Civ. Code § 1788.17.

## CLASS ALLEGATIONS

36. Plaintiff brings this action on her own behalf, and on behalf of all others similarly situated.

37. Plaintiff defines the "FDCPA Class" as:
    (i) all persons with addresses within the United States; (ii) who were sent a written communication(s) by Defendants that stated "vs." in the subject line; (iii) to recover a consumer debt; (iv) who did not at that time had not been sued by Defendants; (iv) which was not returned undelivered by the United States Postal Service; (v) within one year prior to the filing of the Complaint in this action.

38. Plaintiff defines the "RFDCPA Class" as:
    (i) all persons with addresses within California; (ii) who were sent a written communication(s) by Defendants that stated "vs." in the subject line; (iii) to recover a consumer debt; (iv) who did not at that time have a judgment against them by Defendants; (iv) which was not returned undelivered by the United States Postal Service; (v) within one year prior to the filing of the Complaint in this action.

39. "The Classes" shall jointly refer to the FDCPA Class; and, RFDCPA Class.

40. Defendants and their employees or agents are excluded from the Classes.

41. Plaintiff does not know the exact number of persons in the Classes, but believe them to be in the several hundred, making joinder of all these actions impracticable.

42. The identity of the individual members is ascertainable through Defendants' and/or Defendants' agents' records or by public notice.

43. There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Classes. The questions of law and fact common to the Classes predominate over questions affecting only individual class members, and include, but are not limited to, the following:

a. Whether Defendants violated the FDCPA by sending a letter substantially similar to the letter received by Plaintiff to the members of the Classes;

b. Whether members of the Classes are entitled to the remedies under the FDCPA;

c. Whether Defendants violated the RFDCPA by sending a letter substantially similar to the letter received by Plaintiff to the members of the Classes;

d. Whether members of the Classes are entitled to the remedies under the RFDCPA;

e. Whether Defendants may satisfy the bona fide error affirmative defense;

f. Whether members of the Classes are entitled to declaratory relief;

g. Whether members of the Classes are entitled to injunctive relief;

h. Whether members of the Classes are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDCPA; and

i. Whether members of the Classes are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the RFDCPA.

44. Plaintiff will fairly and adequately protect the interest of the Classes.

45. Plaintiff has retained counsel experienced in consumer class action litigation and in handling claims involving unlawful debt collection practices.

46. Plaintiff's claims are typical of the claims of the Classes, which all arise from the same operative facts involving unlawful collection practices.

47. A class action is a superior method for the fair and efficient adjudication of this controversy.

48. Class-wide damages are essential to induce Defendants to comply with the federal and State laws alleged in the Complaint.

49. The interests of class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action under the FDCPA; and, Rosenthal Act is $1,000 each. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, e.g., securities fraud.

50. Defendants has acted on grounds generally applicable to the Classes, thereby making appropriate final declaratory relief with respect to the Classes as a whole.

51. Plaintiff contemplates providing notice to the putative class members by direct mail in the form of a postcard-type notice and via Internet website.

52. Plaintiff requests certification of a hybrid class for monetary damages and injunctive relief.

**CAUSES OF ACTION CLAIMED BY PLAINTIFF**

**COUNT I**

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §§ 1692-1692(p) (FDCPA)**

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

55. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendants individually.

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420


## COUNT II

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

56. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

58. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendants individually.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff pray that judgment be entered against Defendants for:

- An Order certifying this case as a class action with Plaintiff as the class representative and Plaintiff's counsel appointed as class counsel;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), for each plaintiff and putative class member;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), for each plaintiff and putative class member;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), for each plaintiff and putative class member;
- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), for each plaintiff and putative class member;

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- Any and all other relief that this Court deems just and proper.

### TRIAL BY JURY

59. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: April 16, 2018                                              Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By:   \_\_\_/s/ Matthew M. Loker\_\_\_
           MATTHEW M. LOKER, ESQ.
           ATTORNEY FOR PLAINTIFF